[Cite as *State v. Thieret*, 2016-Ohio-4600.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-A-0001** |
| RONALD DAVID THIERET, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court, Eastern District, Case No. 2015 TRD 01678E.

Judgment: Affirmed.

*Nicholas A. Iarocci,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Ronald David Thieret,* pro se, 7000 Clubside Drive, Andover, OH 44003 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Ronald David Thieret, appeals his conviction in the Ashtabula County Court, Eastern District, following a bench trial, of speeding. At issue is whether appellant's conviction was supported by sufficient evidence and the manifest weight of the evidence. For the reasons that follow, we affirm.

{¶2} Appellant was cited for speeding. He pled not guilty and the case proceeded to trial. Lieutenant Jared Sutton of the Ohio State Highway Patrol testified

that on October 20, 2015, at 6:35 a.m., he saw a car being driven westbound by appellant on U.S. Route 322 at Mile Post 20 in Williamsfield Township traveling at an excessive speed. Lt. Sutton was driving in the opposite direction eastbound on Route 322. Lt. Sutton made a visual estimate of appellant's speed at 70 mph; the posted speed limit in that area is 55 mph.

{¶3} As appellant passed Lt. Sutton, he activated his radar, which indicated that appellant was travelling at 71 mph. Lt. Sutton turned around in the road and activated his overhead lights, but appellant continued to travel a substantial distance, about three-fourths of a mile, until he finally stopped at Mile Post 18 in Wayne Township.

{¶4} Lt. Sutton told appellant he stopped him because he was speeding. Appellant asked the officer why he stopped him at that location since he felt the area was dangerous. Lt. Sutton said he hoped appellant would have stopped further back. Appellant asked to see the result of his radar test and Lt. Sutton complied.

{¶5} On cross-examination, Lt. Sutton testified that at the time of the stop, it was dark outside and he was wearing glasses. He said the combined speed at which his and appellant's vehicles approached each other was about 120 mph.

{¶6} Lt. Sutton said he was not sure what type of headlights were on appellant's car, but he did not remember them being the new projection-style headlights. Lt. Sutton said that as appellant passed him, he saw his car was gold and had four doors. Lt. Sutton also noticed the make of his car (Lincoln) and saw appellant's car had long-shaped taillights.

2

{¶7} Lt. Sutton said there were no other cars on the road when he stopped appellant. Specifically, he said there were no vehicles between his cruiser and appellant's car as he was driving toward appellant or as he was checking appellant's speed on radar.

{¶8} Lt. Sutton said he had a very clear line of sight of appellant's vehicle. The road was very flat in that area and he saw appellant driving toward him for about 15 seconds from one-half mile away. He said the distance between the place where he first saw appellant and where he stopped him was about two miles.

{¶9} In contrast to Lt. Sutton's testimony, appellant testified that he was driving 55 mph and there were other vehicles on the road that morning. Appellant also disputed Lt. Sutton's testimony that his overhead lights were activated for an extended period of time. He said the officer activated his lights shortly before he stopped him. Appellant also said his car has projection-type headlights.

{¶10} Following the trial, the trial court found on the record that the parties presented diametrically opposed versions of the incident, but that the state proved its case beyond a reasonable doubt. The court thus found appellant guilty of speeding by travelling 71 mph in a 55 mph zone and ordered appellant to pay a fine of $55.

{¶11} Appellant appeals his conviction, asserting the following for his sole assignment of error:

{¶12} "Did the trial court err when the trial court violated the Appellants (sic) 14th Amendment rights guaranteeing Procedural Due Process by not conducted a Fair and Unbiased speeding ticket hearing when the state failed to meet their Burden of Proof in identifying the Plaintiff Appellants (sic) vehicle?"

{¶13} Appellant argues his conviction was not supported by sufficient evidence because Lt. Sutton did not provide enough descriptive information about the car he observed speeding. In addition, because appellant argues the witnesses presented conflicting versions of the events, he effectively argues his conviction was not supported by the manifest weight of the evidence.

{¶14} An appellate court reviewing the sufficiency of the evidence in a criminal matter examines the evidence admitted at trial and determines whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). "On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997) (Cook, J., concurring). Whether the evidence is legally sufficient to sustain a verdict is a question of law that we review de novo. *Id.* at 386.

{¶15} In contrast, a court reviewing the manifest weight observes the entire record, weighs the evidence and all reasonable inferences, and considers the credibility of the witnesses. *Thompkins, supra,* at 387. The court determines whether, in resolving conflicts in the evidence and deciding witness credibility, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Id.* The discretionary power to grant a new trial should only be exercised in the exceptional case in which the evidence weighs heavily against the conviction. *Id.* Witness credibility rests solely with the finder of fact, and an appellate court is not permitted to substitute its judgment for that of the trier of fact. *State v. Awan*,

4

22 Ohio St.3d 120, 123 (1986). The role of the reviewing court is to engage in a limited weighing of the evidence in determining whether the state properly carried its burden of persuasion. *Thompkins, supra,* at 390. If the evidence is susceptible to more than one interpretation, an appellate court must interpret it in a manner consistent with the verdict. *State v. Banks*, 11th Dist. Ashtabula No. 2003-A-0118, 2005-Ohio-5286, ¶33.

{¶16} With respect to appellant's sufficiency argument, Lt. Sutton testified he had a clear line of sight of appellant's vehicle because the land in that area is very flat. Significantly, he said there were no other vehicles on the road at that time. Further, contrary to appellant's argument, Lt. Sutton provided more descriptive information about the vehicle he saw speeding than just the number of its doors. The officer said that as appellant passed him, he saw appellant's car was a gold Lincoln four-door with long-shaped taillights. Thus, contrary to appellant's argument, Lt. Sutton's testimony provided ample evidence that the car he stopped was the car that was speeding.

{¶17} With respect to appellant's manifest-weight challenge, he acknowledges the parties presented conflicting testimony. Lt. Sutton said appellant was speeding; appellant said he was not. Lt. Sutton said there were no other vehicles on the road at that time; appellant said there were. Lt. Sutton said that appellant's headlights did not appear to be projection-style headlights; appellant said they were. Lt. Sutton said his overhead lights were activated for a substantial distance (three-fourths of a mile) before appellant pulled over; appellant said Lt. Sutton activated his overhead lights shortly before he stopped. Lt. Sutton said appellant's car was gold; appellant argues it was silver, brown, and black. Lt. Sutton said appellant's headlights were long-shaped;

5

appellant argues they were small triangle-shaped. Significantly, appellant did not testify his car was brown, silver, and black or that his taillights were small triangle-shaped.

{¶18} In weighing the evidence, the court was entitled to believe Lt. Sutton's testimony and to discount appellant's conflicting testimony. After reviewing the record, we cannot conclude the court clearly lost its way and created such a manifest miscarriage of justice that appellant was entitled to a new trial.

{¶19} We therefore hold the state presented sufficient, credible evidence to support appellant's conviction.

{¶20} For the reasons stated in this opinion, the assignment of error is overruled. It is the judgment and order of this court that the judgment of the Ashtabula County Court, Eastern District, is affirmed.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.